Trevor A. Bradford, Bar No. 10233
**CRAIG SWAPP & ASSOCIATES**
9980 South 300 West, Suite 400
Sandy, Utah 84070-9390
Telephone: (801) 990-1919
E-mail: TrevorB@craigswapp.com
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| CHRISTY BORANDI, and TODD BORANDI, Plaintiffs, vs. USAA CASUALTY INSURANCE COMPANY, Defendant. | **MEMORANDUM IN OPPOSITION TO DEFENDANT USAA'S MOTION TO STRIKE OR EXCLUDE FACT WITNESSES** Civil Case No.: 2:13-CV-00141 Judge: TED STEWART |

Plaintiffs, by and their attorney of record, Trevor A. Bradford, hereby submit this Memorandum in Opposition to Defendant USAA's Motion to Strike or Exclude Fact Witnesses.

## INTRODUCTION

Under Utah law, Defendant USAA has a duty to conduct discovery on Plaintiffs' claims. *See Beck v. Farmers Ins. Exchange,* 701 P.2d 795, 801 (1985) ("we conclude that the implied obligation of good faith performance contemplates, at the very least, that <u>the insurer will diligently investigate the facts</u>.") Defendant USAA has not diligently investigated the facts, and only recently deposed both Plaintiffs, but has not deposed any other fact witnesses, including any of Plaintiff Christy Borandi's

treating medical providers. Defendant USAA's Motion is really an attempt to cover-up its own lack of a diligent investigation (*see Beck v. Farmers*), and as such its Motion should be denied.

Moreover, the requested remedy of excluding witnesses from testifying trial is unduly harsh and inappropriate. "Excluding a witness from testifying is ... extreme in nature and ... should be employed only with caution and restraint." *Berrett v. Denver & Rio Grande W. R.R.*, 830 P.2d 291, 293 (Utah Ct.App.1992) (internal quotation marks omitted); *see also, Welsh v. Hosp. Corp. of Utah*, 2010 UT App 171, 235 P.3d 791, 794.[1] Thus, Defendant USAA's Motion should be denied.

## RELEVANT RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 26(a)(1)(A)(i) in re Initial Disclosures: "individual[s] likely to have discoverable information. . . , that the disclosing party <u>may use to support its claims or defenses, unless the use would be solely for impeachment</u>."

Fed. R. Civ. P. 26(a)(3)(A)(i) in re Pretrial Disclosures: "a party must provide to the other parties and promptly file the following information about the evidence that <u>it may present at trial</u> other than solely for impeachment: (i) the name and, if not previously provided, the address and telephone number of each witness—separately identifying those <u>the party expects to present and those it may call if the need arises</u>." (Emphasis added.)

Fed. R. Civ. P. 37(c)(1) in re Failure to Disclose: "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e) [during the discovery period], the party is not

---

[1] Plaintiffs maintain they complied with Fed. R. Civ. P. 26 *vis-a-vis* initial disclosures. Plaintiffs would consider allowing Defendant USAA an opportunity to depose certain of the individuals listed in the supplemental initial disclosures.

allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

DUCivR 37-1 in re Discovery Motions and Disputes: "Unless otherwise ordered, the court will not entertain any discovery motion, except those motions brought by a person appearing pro se and those brought under Fed. R. Civ. P. 26(c) by a person who is not a party, unless counsel for the moving party files with the court, at the time of filing the motion, a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with opposing attorneys on the matters set forth in the motion. Such statement must recite, in addition, the date, time, and place of such consultation and the names of all participating parties or attorneys." (Emphasis added.)

### RESPONSE TO DEFENDANT USAA'S "STATEMENT OF FACTS"

1. Conceded.[2]

2. Conceded, and Disputed. Conceded that Plaintiffs served their initial disclosures upon Defendant USAA on March 13, 2013, but adds that Plaintiffs' Initial Disclosures contained nearly 250 pages of documents containing information about individuals who may have had discoverable information. For instance, Mr. David Brown, Plaintiff Christy Borandi's father, is disclosed in those documents as is Mr. Shawn Smith.[3] *See* attached **Exhibit A**. In other words, documents served upon Defendant on March 13, 2013, contain information about Mr.

---

[2] All "conceded" facts are conceded solely for the purpose of the Motion to Strike or Exclude Fact Witnesses and the briefing related thereto, and not for any other purpose.

[3] Defendant USAA likely knew about Mr. Smith as early as August 21, 2007, when a USAA representative had a telephone conversation with Mr. Smith's insurance company Liberty Mutual. *See* attached **Exhibit A**.

Brown and Mr. Smith. It is <u>disputed</u> that the supplemental disclosures list trial "witnesses." Plaintiffs have not yet identified who they will call at the trial of this matter, and the time to do so has not arrived. Rule 26(a)(1)(A)(i) of the *Federal Rules of Civil Procedure* states that a party's obligation is to list "individual[s] <u>likely</u> to have <u>discoverable</u> information," not disclosure of trial witnesses. This distinction is important for at least two reasons: (1) whether or not information is "discoverable" is based upon the claims and defenses made during the course of litigation; and (2) not all "individuals" listed may be called as "witnesses" at trial. In other words, parties do not have to disclose what witnesses they will call at trial at the very outset of the litigation. *See* Fed. R. Civ. P. 26(a)(3).

3. Conceded, and Disputed. <u>Conceded</u> that Plaintiffs served their supplemental initial disclosures upon Defendant USAA on April 23, 2014, but adds that this disclosure was within the fact discovery period and <u>after</u> Defendant USAA already possessed the disclosed information. Plaintiffs <u>dispute</u> that the disclosures list "five additional key fact witnesses," and <u>dispute</u> that the disclosed individuals "were or should have been known by Plaintiffs at the time initial disclosures were due." Again, Fed. R. Civ. P. 26(a)(1)(A)(i) speaks in terms of "individual[s] <u>likely</u> to have <u>discoverable</u> information," not a mandatory disclosure of witnesses who will testify at trial. Not all individuals listed in initial disclosures need to be called as witnesses at trial. Parties do not have to disclose what witnesses they will call at trial at the very outset of the litigation. Whether or not an individual would have "discoverable" information would be dependant upon the claims and defenses made during

the course of litigation. Here, only after Defendant USAA put forth certain defenses, did the listed individuals have "discoverable" information.

4. Disputed. Plaintiffs have not made any decisions about who they will call at the trial of this matter despite Defendant USAA's representation that "these witnesses plan to testify about key facts." Indeed, Plaintiffs have not obligation to identify trial witnesses until December 29, 2014, when Plaintiffs' Rule 26(a)(3) Pretrial Disclosures are due. Fed. R. Civ. P. 26(a)(1)(A)(i) speaks in terms of "individual[s] <u>likely</u> to have <u>discoverable</u> information," not disclosure of trial witnesses. *Compare* Fed. R. Civ. P. 26(a)(3). Whether or not an individual would have "discoverable" information would be dependant upon the claims and defenses made during the course of litigation.

5. Conceded, but adds that Defendant USAA did not comply with local rule DUCivR 37-1 regarding discovery motions and disputes. That Rule reads in relevant part, "[u]nless otherwise ordered, the court <u>will not entertain any discovery motion</u>, except those motions brought by a person appearing pro se and those brought under Fed. R. Civ. P. 26(c) by a person who is not a party, <u>unless counsel for the moving party files with the court, at the time of filing the motion, a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with opposing attorneys on the matters set forth in the motion.</u> Such statement <u>must recite, in addition, the date, time, and place of such consultation and the names of all participating parties or attorneys.</u>" DUCivR 37-1 (emphasis added). Counsel for Defendant USAA never filed the required statement showing reasonable efforts

to reach agreement, nor did counsel make "reasonable effort[s]" to attempt to resolve this issue informally without Court intervention.

6. Disputed. Although this is not a "statement of fact" at all, but rather argument, Plaintiffs maintain that the individuals discloses are likely to have discoverable information based upon Defendant USAA's recent defenses. For instance, Defendant USAA recently raised issues about Plaintiff Christy Borandi physical condition/bodily condition from her high school days, which days were nearly 30 years ago (Mrs. Borandi graduated from high school in 1985). *See* Deposition of Christy Borandi, 30:22-31:23, attached as **Exhibit D**.

7. Conceded, but adds that the individuals outlined in Plaintiffs' supplemental initial disclosures were individuals previously known to Defendant USAA and/or individuals likely to have discoverable information based upon Defendant USAA's recent defenses.

## PLAINTIFFS' STATEMENT OF FACTS

I. According to Defendant's own documents,[4] they knew that Plaintiff Christy Borandi's mother, Marilyn Brown, was an individual with potentially discoverable information as early as August 5, 2008, which is more than four (4) years before the present lawsuit was filed. *See* Defendant USAA's file documents attached as **Exhibit B**. In fact, Defendant USAA took a recorded statement of Mrs. Marilyn Brown on March 30, 2009. *See* attached **Exhibit C**.

II. On April 22, 2014, after more than 15 months of litigation on Mrs. Borandi's claims of bodily injury, Defendant USAA finally deposed Mrs. Borandi. *See* attached **Exhibit D**.

---

[4] These documents were received on or about October 4, 2013, from Defendant USAA in response to Plaintiffs' Requests for Production of Documents.

III. On April 23, 2014, the day after Plaintiff Christy Borandi's deposition, Plaintiffs served upon Defendant USAA supplemental initial disclosures, which contained individuals previously known to Defendant USAA and/or individuals likely to have discoverable information based upon Defendant USAA's recent defenses.

IV. Plaintiffs' supplemental initial disclosures were served within the fact discovery period. *See* attached **Exhibit E**, which is the Court's current scheduling order.

V. Under the Court's current scheduling order, fact discovery cut-off on April 30, 2014. *See* attached **Exhibit E**.

## ARGUMENT

Instead of adopting a new legal standard, the Court should deny Defendant USAA's Motion to Strike or Exclude Fact Witnesses. Further, the Court should deny the Motion because Defendant USAA had fair notice of the individuals outlined in the supplemental initial disclosures, and was not prejudiced thereby. Finally, Defendant USAA has failed to meet its burden for the Court to grant its Motion. Each of these reasons to deny Defendant USAA's Motion will be addressed below.

### I. DEFENDANT USAA'S WOULD HAVE THE COURT ADOPT A NEW LEGAL STANDARD.

Defendant USAA's Motion essentially requests the Court to adopt a new legal standard for disclosures of individuals likely to have discoverable information. Under Defendant's formulation of the rule, even individuals that are known to Defendant and disclosed within the fact discovery period should be prohibited from testifying at trial. Such is not the current state of the law. Moreover, Defendant USAA has not cited any binding case law to support such a rule.

Indeed, one case cited by Defendant, *Marshall v. Ford Motor Co.*, actually supports Plaintiffs' position in this case, and contradicts Defendant's formulation of the rule. In *Marshall v. Ford*, one of the parties called a witness to the stand to testify during trial despite the fact he had not been listed as a witness; the opposing party objected on the ground that the individual had not been listed as a witness prior to trial. *Marshall v. Ford Motor Co.*, 446 F.2d 712, 713-14 (10th Cir. 1971). The court permitted the witness to testify. *Id.* The 10th Circuit affirmed that the trial court did not abuse its discretion in allowing the undisclosed witness to testify. *Id.*

Further, the case cited by Defendant USAA of *Unique Industries, Inc., v. Alberta, Ltd.*, does not support its position, and is clearly distinguishable for this case. In *Unique Industries,* one party brought a motion to amend its claims based upon the evidence disclosed <u>after</u> the close of discovery. *Unique Indus., Inc. v. 965207 Alberta Ltd.,* 764 F. Supp. 2d 191, 207 (D.D.C. 2011). This, of course, is distinguishable from the present case herein information was in Defendant USAA's possession prior to the close of <u>fact</u> discovery. Clearly, this does not support Defendant USAA's new formulation of a rule wherein witnesses are excluded from testifying at trial despite being disclosed during the fact discovery period.

Here, Defendant USAA could have or should have known about Mr. Shawn Smith (the at-fault driver) as an individual potentially possessing discoverable information to have as early as August 2007. *See* attached **Exhibit A**. Defendant USAA could have or should have known about Mrs. Marilyn Brown as an individual potentially possessing discoverable information as early as August 2008. *See* attached **Exhibit B**. Defendant USAA could have or should have known about Mr. Brown as an individual potentially possessing discoverable information as early as March 2013. It

his hard to see how Defendant USAA has been prejudiced by Plaintiffs. Plaintiffs have complied with Rule 26(a)(1)(A).

In short, Defendant USAA has cited no binding precedent for its formulation of the rule of reasonableness wherein individuals disclosed during the fact discovery period should be excluded from testifying at trial. Also, Fed. R. Civ. P. 26(a)(1)(A)(i) does not require the disclosure of impeachment witnesses. Moreover, the facts do not support such a ruling. Accordingly, Defendant USAA's Motion should be denied.

## II. DEFENDANT USAA HAS FAIR NOTICE OF THE INDIVIDUALS OUTLINED IN PLAINTIFFS' SUPPLEMENTAL INITIAL DISCLOSURES, AND DEFENDANT HAS NOT BEEN PREJUDICED BY PLAINTIFFS.

Although it is alleged by Defendant USAA that they were not give reasonable notice of the individuals outlined in Plaintiffs' Supplemental Initial Disclosures, in fact, Defendant USAA had fair notice of the individuals listed. (*See supra.*) More specifically, Defendant USAA knew about Mr. Shawn Smith and Mrs. Marilyn Brown prior to the initiation of the present lawsuit. Also, Defendant USAA could have or should have known about Mr. Brown from Plaintiffs' Initial Disclosures, and the documents provided therewith. As mentioned above, Defendant USAA has a duty to diligently investigate Plaintiffs' claims, including the documents in support thereof, but has failed to do so. *See Beck v. Farmers Ins. Exchange,* 701 P.2d 795, 801 (1985) ("we conclude that the implied obligation of good faith performance contemplates, at the very least, that the insurer will diligently investigate the facts."). Defendant USAA has never deposed these individuals, let alone asked to depose these individuals, despite having notice of them by at least March 2013. In short,

Defendant USAA's Motion is really an attempt to cover-up its own lack of a diligent investigation (*see Beck v. Farmers*), and as such its Motion should be denied.

With respect to Jackie Olsen and Sheralyn Ermel, given the questions put to Plaintiff Christy Borandi by counsel for Defendant USAA during her deposition, Defendant had fair notice of these individuals.

More specifically, in relation to Jackie Olsen, for the first time during the deposition questioning of Mrs. Boranding on April 22, 2014, Defendant USAA put into issue who may have helped Mrs. Borandi with the household chores post-motor vehicle collision. As such, Jackie Olsen became an individual who may have discoverable information.

In relation to Sheralyn Ermel, for the first time during the deposition questioning of Mrs. Borandi Defendant USAA put into issue Mrs. Borandi's physical condition in high school making Mrs. Ermal an individual who may have discoverable information.

In sum, Plaintiffs provided Defendant USAA reasonable notice of the individuals outlined in their supplemental initial disclosures, and/or Defendant USAA had access to information about the individuals, and therefore, it would be proper for the Court to deny Defendant USAA's Motion. Any claims of prejudice by Defendant USAA are either attributable to its own lack of diligent, or overblown in light of Defendant USAA's newly raised defenses/issues.

## III. DEFENDANT USAA HAS FAILED TO MEET ITS RULE BURDEN FOR THE COURT TO GRANT ITS MOTION.

Defendant USAA has failed to meet its burden for the Court to grant its Motion, particularly considering the remedy requested by Defendant. "Excluding a witness from testifying is ... extreme in nature and ... should be employed only with caution and restraint." *Berrett v. Denver & Rio Grande W. R.R.*, 830 P.2d 291, 293 (Utah Ct.App.1992) (internal quotation marks omitted); *see also, Welsh v. Hosp. Corp. of Utah*, 2010 UT App 171, 235 P.3d 791, 794. Because of the proposed remedy's infringement on Plaintiffs' rights, the moving party should submit a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101-02, 101 S. Ct. 2193, 2200-01, 68 L. Ed. 2d 693 (1981). Only such particular and specific demonstration of facts can ensure that the court is furthering, rather than hindering, the policies embodied in the *Federal Rules of Civil Procedure. See id.*

Here, Defendant USAA simply asserts that the cannot conduct discovery on the individuals outlined in the supplemental initial disclosures. However, Defendant USAA did not even try to do so. Despite disclosure of the individuals <u>prior</u> to the close of fact discovery, and knowledge of some of those individuals even <u>prior</u> to the initiation of the lawsuit, Defendant USAA did not contact Plaintiffs to see about deposing these individuals. No letters, no phone calls, no e-mails. As such, Defendant USAA has failed to meet its burden for the Court to grant its Motion, and therefore the Motion should be denied.

## CONCLUSION

In light of Defendant USAA's fair notice of the individuals outlined in Plaintiffs' Supplemental Initial Disclosures, and Defendant's failure to diligently investigate Plaintiffs' claims, despite having a duty to do so, the Court should deny Defendant USAA's Motion.

Dated this 29th day of July, 2014.

                                        **CRAIG SWAPP & ASSOCIATES**

                                        TREVOR A. BRADFORD
                                        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I caused an accurate and correct copy of the foregoing, **MEMORANDUM IN OPPOSITION TO DEFENDANT USAA'S MOTION STRIKE OR EXCLUDE FACT WITNESSES**, to be served *via* U.S. First Class Mail, postage prepaid, to the following:

S. Baird Morgan
Kristina H. Ruedas
RICHARDS BRANDT MILLER NELSON
Wells Fargo Center, 15th Floor
299 South Main Street
P.O. Box 2465
Salt Lake City, Utah 84110
*Attorneys for Defendant USAA*

DATED this 29th day of July, 2014.

RICKY J. RIGGS
*Paralegal to Trevor A. Bradford, Esq.*