**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **CHRISTY BORANDI and TODD BORANDI,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**USAA CASUALTY INSURANCE COMPANY,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:13-cv-141-TS-PMW**<br><br>**District Judge Ted Stewart**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Ted Stewart referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is USAA Casualty Insurance Company's ("Defendant") motion to exclude certain fact witnesses identified in Plaintiffs' supplemental initial disclosures.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 16.

[2] *See* docket no. 34.

## RELEVANT BACKGROUND

In March 2013, Christy Borandi ("Christy") and Todd Borandi ("Todd") (collectively, "Plaintiffs") served their initial disclosures in this case.[3] The only fact witnesses contained in those initial disclosures are Christy Borandi, Todd Borandi, Defendant, Officer T.A. Rice of the Murray Police Department, and a list of treating physicians.

On April 23, 2014, over one year after serving their initial disclosures and one week before the fact discovery deadline was set to expire, Plaintiffs served supplemental initial disclosures, in which five additional fact witnesses were disclosed (collectively, "Witnesses").[4] Defendant filed objections to Plaintiffs' supplemental initial disclosures on May 5, 2014.[5]

As indicated in Plaintiffs' supplemental initial disclosures, the Witnesses and their anticipated testimonies include:

- Marilyn and David Brown (collectively, "Browns"), Christy's parents, and Jackie Olsen ("Olsen"), Christy's daughter, who likely possess information about the accident that is the subject of this case ("Accident"), Christy's resulting injuries, Christy's medical treatment, Christy's residual problems, Christy's physical condition prior to the Accident, and the continuing loss in the quality of Plaintiffs' lives after the Accident.

- Sheralyn Ermel ("Ermel"), Christy Borandi's high school friend, who likely possesses information about Christy's physical condition prior to the Accident and the continuing loss in the quality of Plaintiffs' lives after the Accident.

---

[3] *See id.*, Exhibit 1.

[4] *See id.* Exhibit 2.

[5] *See* docket no. 33.

- Shawn Smith ("Smith"), the tortfeasor who caused the Accident, who likely possesses knowledge surrounding the Accident.

## ANALYSIS

In relevant part, rule 26 of the Federal Rules of Civil Procedure requires a party to provide in its initial disclosures "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26 further provides that

> [a] party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

Fed. R. Civ. P. 26(a)(1)(E).

Rule 37 of the Federal Rules of Civil Procedure further provides, in relevant part, that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

> The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court. A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quotations and citations omitted); *see also Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952-53 (10th Cir. 2002).

In its motion, Defendant asks the court to exclude the Witnesses. Defendant contends that Plaintiffs' failure to disclosure the Witnesses in their initial disclosures was neither substantially justified nor harmless.

With respect to substantial justification, Defendant argues that the identity, information, and anticipated testimonies of all of the Witnesses were clearly known to Plaintiffs at the time they served their initial disclosures. Accordingly, Defendant contends that Plaintiffs' failure to disclose the Witnesses in their initial disclosures cannot be substantially justified.

As for harmlessness, Defendant argues that Plaintiffs' disclosure of the Witnesses only one week before expiration of the fact discovery deadline has imposed prejudice. Defendant asserts that it was not possible to be able to notice depositions of the Witnesses or conduct formal written discovery with respect to the Witnesses in such a short timeframe. Defendant further contends that it has spent over one year evaluating this case based on the witnesses disclosed in Plaintiffs' initial disclosures and that it would be prejudiced if it is required to rework its defense based on the testimony of the Witnesses, who Defendant have not been able to depose.

In response, Plaintiff presents several arguments, which the court will address in turn. First, Plaintiffs argue that Defendant failed to satisfy the meet-and-confer requirement contained in civil rule 37-1 of the Rules of Practice for the United States District Court for the District of Utah prior to filing the instant motion. *See* DUCivR 37-1(a) ("Unless otherwise ordered, the court will not entertain any discovery motion, except those motions brought by a person

appearing pro se and those brought under Fed. R. Civ. P. 26(c) by a person who is not a party, unless counsel for the moving party files with the court, at the time of filing the motion, a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with opposing attorneys on the matters set forth in the motion. Such statement must recite, in addition, the date, time, and place of such consultation and the names of all participating parties or attorneys."). While it is true that Defendant did not satisfy the meet-and-confer requirement to the letter of the rule, the court concludes, under the circumstances of this case, that Defendant's objections to Plaintiffs' supplemental initial disclosures satisfied the spirit of that requirement by attempting to resolve the issue raised in the instant motion without court intervention. As such, the court will entertain Defendant's motion.

Second, Plaintiffs argue that Defendant had "fair notice" of the Witnesses because they were referenced either in 250 pages of documents attached to Plaintiffs' initial disclosures or during certain depositions. As such, Plaintiffs contend that they were not required to disclose the Witnesses in their initial disclosures because Defendant knew or should have known about the Witnesses. The court is not persuaded by that argument. In the court's view, it was not Defendant's responsibility to depose every individual referenced in either documents attached to Plaintiffs' initial disclosures or during certain depositions. Instead, it was Plaintiffs' burden to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that [Plaintiffs] may use to support [their] claims." Fed. R. Civ. P. 26(a)(1)(A)(i). Given the close relationships the Plaintiffs have with the Browns, Olsen, and Ermel, it is not plausible for Plaintiffs to argue that they did not know their names, addresses, and telephone numbers when they served their

initial disclosures.  The same is true for Smith.  Given that he was the tortfeasor who caused the Accident, it defies logic to believe that Plaintiffs did not have his name, address, and telephone number when they served their initial disclosures.  Furthermore, given Plaintiffs' indications of the subject matter of the anticipated testimonies of the Browns, Olsen, Ermel, and Smith, Plaintiffs cannot plausibly argue that those people would not have discoverable information that Plaintiffs might use to support their claims.

Third, Plaintiffs argue that they were not required to disclose the Witnesses in their initial disclosures because they are not required to designate every witness who may testify at trial until serving their pretrial disclosures.  *See* Fed. R. Civ. P. 26(a)(3).  While that principle is true, the court concludes, for the reasons set forth above, that Plaintiffs have failed to demonstrate that the Witnesses were not required to be included in their initial disclosures, regardless of whether they may testify at trial.  Plaintiffs further rely on the language of rule 26(a), which excepts from initial disclosures any witnesses whose testimony "would be solely for impeachment."  Fed. R. Civ. P. 26(a)(1)(A)(i).  Plaintiffs do not meaningfully support that argument.  Instead, they make only the conclusory assertion that the Witnesses will be used for impeachment only.  Further, that claim is belied by Plaintiffs' own indication of the subject matter of the Witnesses' anticipated testimonies, which clearly go beyond impeachment.

Fourth, Plaintiffs argue that they did not know that the Witnesses would have discoverable information until Defendant recently asserted certain defenses. That argument is without merit. As Defendant has noted, the subject matter of the Witnesses' anticipated testimonies go to issues that have been apparent from the outset of this case.

Fifth, Plaintiffs argue that the disclosure of the Witnesses in their supplemental initial disclosures was made within the fact discovery period and that Defendant did not attempt to conduct discovery with respect to the Witnesses. Again, that argument defies logic. It cannot be reasonably argued that Defendant was expected to conduct any meaningful discovery with respect to the Witnesses in the one week between Plaintiffs' disclosure of the Witnesses and the expiration of the fact discovery period.

Sixth, Plaintiffs argue that Defendant has not been diligent in investigating the facts of this matter. With respect to the Witnesses, it is unclear to the court what Defendant could have done to be more diligent in conducting discovery with respect to the Witnesses, particularly given Plaintiffs' failure to satisfy their obligation to disclose the Witnesses in their initial disclosures and their decision to disclose the Witnesses one week before the expiration of fact discovery. As for any other discovery, Plaintiffs have failed to demonstrate that Defendant did not complete its discovery obligations within the fact discovery period. For those reasons, the court concludes that Plaintiffs' argument in this point is meritless. As a final matter on this argument, the court notes that Plaintiffs have relied exclusively upon Utah State case law, which is not binding authority in this court.

Finally, in a footnote, Plaintiffs claim that they would now "consider allowing Defendant . . . an opportunity to depose" the Witnesses.[6] The court concludes that offer is not a reasonable accommodation to remedy the prejudice occasioned by Plaintiffs' failure to include the Witnesses in their initial disclosures and provide Defendant with any meaningful opportunity to conduct discovery concerning the Witnesses within the fact discovery period. As Defendant has

[6] Docket no. 37 at 2 n.1.

noted, the parties' expert witnesses have already been deposed and have already issued their respective reports and opinions in this case. The deadline for expert discovery has passed, and any discoverable information learned from the Witnesses would require reevaluation and possibly new opinions from those expert witnesses.

Having rejected all of Plaintiffs' arguments, the court concludes that Plaintiffs' failure to disclose the Witnesses in their initial disclosures violated rule 26(a) and was neither substantially justified nor harmless. *See* Fed. R. Civ. P. 37(c)(1). In further support of that conclusion, the court relies on the factors set forth in *Woodworker's Supply, Inc.*, 170 F.3d at 993. First, for many of the reasons set forth above, Plaintiffs' failure to include the Witnesses in their initial disclosures has prejudiced Defendant. Second, as noted above, the offer provided by Plaintiffs to now allow depositions of the Witnesses would not cure that prejudice. Third, allowing Plaintiffs to introduce the Witnesses' testimony would certainly disrupt the trial. If the court were to allow it, it would require reopening the fact and expert discovery, which the court is unwilling to do. Finally, while the court cannot say that Plaintiffs acted in bad faith or with willfulness, the court is troubled by their late disclosure of the Witnesses, who, in the court's view, clearly should have been included in Plaintiffs' initial disclosures.

Because Plaintiffs' violated rule 26(a) by failing to disclose the Witnesses in their initial disclosures, the court concludes that Plaintiffs will not be allowed to use the Witnesses "to

supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1). Accordingly, Defendant's motion to exclude the Witnesses[7] is **GRANTED**.

**IT IS SO ORDERED**.

DATED this 2nd day of October, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

[7] *See* docket no. 34.