IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTY BORANDI and TODD BORANDI,<br><br>     Plaintiffs,<br><br>v.<br><br>USAA CASUALTY INSURANCE COMPANY,<br><br>     Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTIONS TO STRIKE<br><br><br>Case No. 2:13-CV-141 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's two Motions to Strike.  For the reasons discussed below, the Court will deny both Motions, but will permit Defendant to file an amended Reply to its Motion for Summary Judgment.

Plaintiffs brought this action in state court on January 18, 2013.  This action was later removed to this Court.  Plaintiffs assert claims for breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, loss of consortium, intentional infliction of emotional distress, and bad faith.

Defendant filed a Motion for Summary Judgment on July 15, 2014.  Defendant seeks summary judgment on all of Plaintiffs' claims.  Plaintiffs' counsel sought and received two extensions from opposing counsel, making Plaintiffs' Memorandum in Opposition due on August 29, 2014.  On August 28, 2014, Plaintiffs' counsel separated from his former law firm. There was initial confusion as to whether Plaintiffs' counsel would continue to represent Plaintiffs or whether his former firm would continue the representation.  Plaintiffs' counsel also asserts that his former firm delayed in providing him the file related to this case.

Plaintiffs filed their Memorandum in Opposition on August 29, 2014.  The Memorandum in Opposition references various exhibits, including the Affidavit of Christy Borandi.  However, Plaintiffs did not attach any exhibits to their Memorandum.  Plaintiffs did not file the exhibits referenced in their Memorandum in Opposition until October 8, 2014.

Defendant sought an extension of time from Plaintiffs' counsel to file its Reply brief based on the fact that the exhibits had not been filed.  Plaintiffs' counsel declined to consent to an extension.  Further requests for an extension made by Defendant's counsel went unanswered.

Defendant filed its Reply on September 26, 2014.  On that same date, Defendant filed its first Motion to Strike.  Defendant seeks to strike the exhibits referenced in Plaintiffs' Memorandum in Opposition because they were not timely filed.

The Court declines to strike these documents, as they have now been provided.  There is a strong preference for the disposition of litigation on the merits and the consideration of these materials will result in a full and fair consideration of Defendant's Motion for Summary Judgment.[1]  Further, little, if any, prejudice will result if the Court considers these exhibits.  This is especially true because, as will be discussed in more detail, the Court will provide Defendant an opportunity to file an amended Reply to address any issues raised in the now-filed exhibits.

The Court pauses to note that this entire situation could have and should have been easily resolved by counsel.  If Plaintiffs' counsel did not have the materials he needed to file a properly supported Memorandum in Opposition, he should have requested an additional extension from opposing counsel.  Based on their prior interactions, it is likely that an extension would have been forthcoming.  If Defendant's counsel refused, Plaintiffs could have sought an extension

---

[1] *Gulley v. Orr*, 905 F.2d 1383, 1386 (10th Cir. 1990).

from the Court.  Similarly, while Defendant's counsel tried to obtain an extension to file its

Reply, Defendant could have sought an extension from the Court.  Instead of doing so, counsel

for both sides have wasted the Court's time and their clients' resources by litigating the Motions

to Strike.  The Court reminds counsel that it has adopted the Utah Standards of Professionalism

and Civility and these standards should guide attorney conduct in proceedings before the Court.[2]

Defendant's second Motion to Strike seeks to strike the now-filed Affidavit of Christy

Borandi because it contains inadmissible statements and legal conclusions, as well as statements

not based on personal knowledge.  Defendant further argues that the Affidavit has been

submitted in bad faith.

DUCivR 7-1 details how parties are to raise such evidentiary objections.  Rule

7-1(b)(1)(B) provides that "[i]f evidence is offered in opposition to the motion, evidentiary

objections may be included in the reply memorandum."  Preferably, the objections are to be

included in the reply.[3]  Importantly, the rule makes clear that "[m]otions to strike evidence as

inadmissible are no longer appropriate and should not be filed."[4]

Rather than simply deny Defendant's Motion out of hand, which is the Court's practice,

the Court will permit Defendant to file an amended Reply brief raising the evidentiary objections

it raised in its second Motion to Strike.  Doing so will also allow Defendant the opportunity to

fully respond to all of the materials referenced in Plaintiffs' Memorandum in Opposition.

---

[2] DUCivR 83-1.1(g).

[3] DUCivR 7-1(b)(1)(B).

[4] *Id.*

It is therefore

ORDERED that Defendant's Motions to Strike (Docket Nos. 42 and 46) are DENIED.

Defendant is directed to file an amended Reply brief by December 19, 2014.

DATED this 4th day of December, 2014.

BY THE COURT:

_____

Ted Stewart
United States District Judge