IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTY BORANDI and TODD BORANDI,<br><br>Plaintiffs,<br><br>v.<br><br>USAA CASUALTY INSURANCE COMPANY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br><br>Case No. 2:13-CV-141 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant USAA Casualty Insurance Company's ("USAA") Motion for Summary Judgment. For the reasons discussed below, the Court will grant the Motion in part and deny it in part.

I.  BACKGROUND

USAA issued a contract for automobile insurance to Plaintiffs. On or about August 15, 2007, Plaintiff Christy Borandi ("Mrs. Borandi") was involved in a motor vehicle accident with a third-party driver, Shawn Smith ("Smith"). Plaintiff Todd Borandi ("Mr. Borandi") was not present in the vehicle at the time of the accident.

Plaintiffs settled with Smith and his liability insurer for the applicable limits of $100,000.[1]  Plaintiffs later asserted a claim against USAA for underinsured motorist coverage, resulting in the instant action.

---

[1] Plaintiffs object to the Court's consideration of their settlement with Smith. However, in order to bring their claim for underinsured motorist coverage, Plaintiffs must have necessarily received the policy limits from Smith. Therefore, the Court will overrule Plaintiffs' objection.

1

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2]  In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[3]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[4]

## III.  DISCUSSION

Plaintiffs assert claims for breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, loss of consortium, intentional infliction of emotional distress, and bad faith.  Defendant seeks summary judgment on all claims.

A.   BREACH OF FIDUCIARY DUTY

Plaintiffs bring a claim for breach of fiduciary duty.  The Utah Supreme Court has held that "[b]ecause a first-party insurance claim is purely contractual, an insurer owes no fiduciary duties to its insured when it denies . . . benefits as it does under a third-party insurance claim."[5]  Based upon this authority, Defendant argues that summary judgment is appropriate on Plaintiffs' breach of fiduciary duty claims.  The Court agrees.

---

[2] Fed. R. Civ. P. 56(a).

[3] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[4] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[5] *Prince v. Bear River Mutual Ins. Co.*, 56 P.3d 524, 532 (Utah 2002).

In an effort to avoid summary judgment on this claim, Plaintiffs cite to cases that are either outside the insurance context or deal with third-party claims, as opposed to first-party claims. These cases are inapposite. The Utah Supreme Court has consistently treated first-party and third-party claims differently, recognizing a fiduciary duty in one but not the other.

Plaintiffs also cite to *Beck v. Farmers Insurance Exchange*.[6] *Beck* similarly held "that in a first-party relationship between an insurer and its insured, the duties and obligations are contractual rather than fiduciary. Without more, a breach of those implied or express duties can give rise to a cause of action in contract, not in tort."[7] The court in *Beck* did "recognize that in some cases the acts constituting a breach of contract may also result in breaches that are independent of the contract and may give rise to causes of action in tort."[8] The court provided examples of intentional and outrageous conduct by an insurer or fraudulent conduct. However, in this case, Plaintiffs do not allege conduct that is independent of their contract claim. Further, as will be discussed below, there is no evidence to support a claim based on alleged intentional or outrageous conduct. Therefore, the Court will grant Defendant summary judgment on this claim.

Further, even if Plaintiffs could assert a breach of fiduciary duty claim, the facts of this case do not support such a claim. "In Utah, a fiduciary or confidential relationship will be found 'when one party, having gained the trust and confidence of another, exercises extraordinary

---

[6] 701 P.2d 795 (Utah 1985).

[7] *Id.* at 800.

[8] *Id.* at 800 n.3.

influence over the other party.'"[9] Mrs. Borandi has provided an affidavit stating that she placed trust in USAA and that she relied upon USAA to treat her honestly and fairly.[10] While Mrs. Borandi stated that she placed trust in USAA, there is no evidence that USAA, having gained Mrs. Borandi's trust and confidence, exercised extraordinary influence over Mrs. Borandi. Therefore, even if Plaintiffs could assert a claim for breach of fiduciary duty, there are no facts to support that claim.

B.   LOSS OF CONSORTIUM

Mr. Borandi brings a claim for loss of consortium. Defendant argues that Mr. Borandi's claim for loss of consortium should be brought against Smith and that his claim is not covered by Plaintiffs' policy with Defendant. The Court agrees that Mr. Borandi's claim is not covered by the policy. Therefore, the Court finds that summary judgment is appropriate.

The underinsured motorist coverage portion of Plaintiffs' policy states, "We will pay compensatory damages which a covered person is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of [bodily injury] sustained by a covered person and caused by an auto accident."[11]

Defendant represents that the policy defines "bodily injury" as "bodily harm, sickness, disease or death." Defendant has failed to provide the Court with the provision of the policy that

---

[9] *State Bank of S. Utah v. Troy Hygro Sys., Inc.*, 894 P.2d 1270, 1275 (Utah Ct. App. 1995) (quoting *Von Hake v. Thomas*, 705 P.2d 766, 769 (Utah 1985)).

[10] Defendant objects to the consideration of Mrs. Borandi's affidavit. However, consideration of this portion of her affidavit does not alter the Court's conclusion on summary judgment.

[11] Docket No. 35 Ex. 1.

includes this definition. However, Plaintiffs do not appear to dispute that this definition is included in the policy.

This Court has previously held that the term "bodily injury" did not cover a husband's loss of consortium claim under a similar policy provision.[12] The Court stated,

> Neither the Cannons nor State Farm argue that Mr. Cannon was involved in any way in the collision. Further, neither party disputes that Mr. Cannon's claim to State Farm is for loss of consortium. The language of the policy states "[w]e will pay compensatory damages for bodily injury" and when read together with the definition as provided in the definition section of the policy would read "we will pay compensatory damages for bodily injury [meaning] bodily injury to a person and sickness, disease, or death that results from it." According to the definitions provided by the policy, Mr. Cannon did not have a bodily injury and thus did not suffer sickness, disease, or death resulting from his loss of consortium. Thus, Mr. Cannon did not suffer a bodily injury as defined in the policy and thus is not entitled to compensatory damages.[13]

The Court relied, in part, on the Utah Supreme Court's discussion of loss of consortium claims in *Progressive Casualty Insurance Co. v. Ewart*.[14] Though addressing a separate issue, the Utah Supreme Court's discussion of "bodily injury" is helpful. The court found that "'[b]odily injury' should not be construed broadly enough to encompass a loss of consortium claim as the Ewarts would have us conclude."[15] The court noted that the term "'bodily' is commonly understood to refer to, simply, the 'body,' and Mrs. Ewart's loss of consortium claim in no way involves a bodily injury to her."[16]

---

[12] *Cannon v. State Farm Mut. Auto. Ins. Co.*, No. 2:13-CV-186 DN, 2013 WL 5563303, at *4 (D. Utah Oct. 7, 2013).

[13] *Id.* (citation omitted) (alterations in original).

[14] 167 P.3d 1011 (Utah 2007).

[15] *Id.* at 1014.

[16] *Id.*

Plaintiffs argue that Mr. Borandi is a "covered person" under the policy and, therefore, should be permitted to assert a loss of consortium claim. However, whether Mr. Borandi is a "covered person" under the policy does not answer the question of whether his loss of consortium claim is a claim covered by the underinsured motorist coverage provision of that policy. Based upon the case law discussed above, the Court finds that it is not. Therefore, summary judgment is appropriate on this claim.

C.   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The Utah Supreme Court has "recognized that an insured can sue an insurer for intentional infliction of emotional distress for refusing to pay benefits under the contract in appropriate cases."[17]  "In order to demonstrate the intentional infliction of emotional distress, a plaintiff must show: (1) intentional or reckless conduct (2) which is 'of such a nature as to be considered outrageous and intolerable in that [it] offend[s] against the generally accepted standards of decency and morality.'"[18]  "To be considered outrageous, the conduct must evoke outrage or revulsion; it must be more than unreasonable, unkind, or unfair."[19]  "If the trial court determines that a defendant's conduct was not outrageous as a matter of law, then the plaintiff's claim fails, and a court may properly grant the defendant summary judgment on an intentional infliction of emotional distress claim."[20]

---

[17] *Prince*, 56 P.3d at 536.

[18] *Blakely v. USAA Cas. Ins. Co.*, 633 F.3d 944 (10th Cir. 2011) (quoting *Oman v. Davis Sch. Dist.*, 194 P.3d 956, 969 (Utah 2008)).

[19] *Oman*, 194 P.3d at 969 (internal quotation omitted).

[20] *Prince*, 56 P.3d at 536 (citations omitted).

The evidence in this case does not rise to the level to support an intentional infliction of emotional distress claim. While the evidence may support a finding that USAA's conduct was unreasonable, unkind, or unfair, there is no evidence that Defendant engaged in conduct that would evoke outrage or revulsion. Therefore, summary judgment is appropriate on this claim.

D.   BAD FAITH

Defendant argues that Plaintiffs cannot bring a separate tort claim for bad faith. For the same reasons set forth above with respect to Plaintiffs' breach of fiduciary duty claim, the Court agrees. Plaintiffs' claims sound in contract, not tort. Therefore, to the extent that Plaintiffs seek to assert a bad faith tort claim, it will be dismissed. However, this does not fully resolve Plaintiffs' claim.

"Bad faith is merely the inverse of the implied covenant of good faith and fair dealing that inheres in all insurance contracts."[21] Therefore, to the extent that Plaintiffs assert a bad faith claim, it will be considered in relation to their claim for breach of the implied covenant of good faith and fair dealing.

E.   BREACH OF CONTRACT AND BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

"In Utah, a plaintiff may sue on a contract for: (1) breach of the contract's express terms; and/or (2) breach of the covenant of good faith and fair dealing, which is an implied duty that inheres in every contractual relationship."[22] The parties focus their discussion on Plaintiffs' breach of the covenant of good faith and fair dealing, and the Court will do the same.

---

[21] *U.S. Fidelity v. U.S. Sports Specialty*, 270 P.3d 464, 470 (Utah 2012).

[22] *Blakely*, 633 F.3d at 947.

The Utah Supreme Court has held that "the implied obligation of good faith performance contemplates, at the very least, that the insurer will diligently investigate the facts to enable it to determine whether a claim is valid, will fairly evaluate the claim, and will thereafter act promptly and reasonably in rejecting or settling the claim."[23]  "The duty of good faith also requires the insurer to deal with laymen as laymen and not as experts in the subtleties of law and underwriting and to refrain from actions that will injure the insured's ability to obtain the benefits of the contract."[24]

"[W]hen an insured's claim is fairly debatable, the insurer is entitled to debate it and cannot be held to have breached the implied covenant if it chooses to do so."[25]  Therefore, an insurer cannot be held to have breached the covenant of good faith and fair dealing "on the ground that it wrongfully denied coverage if the insured's claim, although later found to be proper, was fairly debatable at the time it was denied."[26]

Under Utah law, "[w]hether there has been a breach of good faith and fair dealing is a factual issue, generally inappropriate for decision as a matter of law."[27]  However, "[w]hether an insured's claim is fairly debatable under a given set of facts is . . . a question of law."[28]  In *Jones v. Farmers Insurance Exchange*,[29] the Utah Supreme Court clarified that "[i]t is not the law in Utah that, when the insurance company argues a claim was fairly debatable, the case must be

---

[23] *Beck*, 701 P.2d at 801.

[24] *Id.* (internal quotation marks omitted).

[25] *Billings v. Union Bankers Ins. Co.*, 918 P.2d 461, 465 (Utah 1996).

[26] *Id.*

[27] *Oman*, 194 F.3d at 968.

[28] *Billings*, 918 P.2d at 464.

[29] 286 P.3d 301 (Utah 2012).

resolved by the court as a matter of law."[30] "[T]he fairly-debatable defense should not be resolved through summary judgment if reasonable minds could differ as to whether the defendant's conduct measures up to the standard required for insurance claim investigations."[31] "Summary judgment is only appropriate if, viewing the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party, the moving party is entitled to a judgment as a matter of law."[32] "Only when there [is] a legitimate factual issue as to the validity of [the insured's] claim, such that reasonable minds could not differ as to whether the insurer's conduct measured up to the required standard of care, should the court grant judgment as a matter of law."[33]

Under this standard, the Court finds that summary judgment is inappropriate on these claims. There are various disputed facts that preclude summary judgment. First, there is a dispute as to the severity of the accident. While the police report indicates that the damage to both vehicles was minor,[34] Plaintiffs' expert testified that this statement was incongruent with the repairs completed on Plaintiffs' automobile.[35] Second, there is a dispute as to the nature and extent of Mrs. Borandi's injuries. As Defendant correctly points out, there are significant gaps in Mrs. Borandi's treatment. However, both Plaintiffs have provided testimony concerning Mrs. Borandi's injuries that would suggest that her injuries may be greater than the treatment notes

---

[30] *Id.* at 304.

[31] *Id.* at 302.

[32] *Id.* at 305 (citations and internal quotation marks omitted).

[33] *Id.* (citations and internal quotation marks omitted) (alterations in original).

[34] Plaintiffs object to the Court's consideration of the police report. However, consideration of the police report does not alter the Court's conclusion on summary judgment.

[35] Docket No. 45 Ex. B, at 22, 29–32.

provide.[36] Both of these issues raise questions as to how Defendant handled Plaintiffs' claim. Finally, Plaintiffs have provided the testimony of their expert who has stated that Defendant's conduct did not measure up to the standard required for insurance claim investigations.[37] Based upon these factual disputes, the Court finds that reasonable minds could differ as to whether Defendant's conduct measured up to the required standard of care and, therefore, summary judgment will not be granted as to Mrs. Borandi's breach of contract and breach of the covenant of good faith and fair dealing claims.

Defendant also argues that it is entitled to summary judgment because it conducted a reasonable and fair investigation of Plaintiffs' claim. However, for substantially the same reasons set forth above, the reasonableness of Defendant's conduct is in dispute. Therefore, the Court will deny summary judgment on this ground.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 35) is GRANTED IN PART AND DENIED IN PART as set forth above.

Plaintiffs' Request for Expedited Rule 16 Scheduling Conference (Docket No. 56) is DENIED.

The Court will refer this matter to a Magistrate Judge to conduct a settlement conference.

---

[36] While Defendant objects to the statements contained in Mrs. Borandi's affidavit concerning her injuries, there is no similar objection to her or Mr. Borandi's deposition testimony.  Therefore, the Court need not resolve this objection.

[37] *Id.* at 79–95.

DATED this 29th day of December, 2014.

                    BY THE COURT:

                    _____
                    Ted Stewart
                    United States District Judge