IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHRISTY BORANDI, and TODD BORANDI,<br><br>　　　　　　　Plaintiffs,<br>v.<br><br>USAA CASUALTY INSURANCE COMPANY,<br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR CONTINUANCE<br><br>Case No.  2:13-CV-141 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Defendant's Motion for Continuance.  For the reasons discussed below, the Court will deny Defendant's Motion.

## I.　　BACKGROUND

　　　　Plaintiffs filed this action on January 18, 2013.  On July 15, 2014, Defendant moved for summary judgment on all of Plaintiffs' claims.  The Court granted in part and denied in part the motion and required the parties attend a settlement conference with a Magistrate Judge.

　　　　A settlement conference was set for February 5, 2015, before Magistrate Judge Pead.  Defendant seeks to amend the Scheduling Order and requests the settlement conference be held later in February and to continue trial until at least early May 2015.  Plaintiffs object to moving the settlement conference but stipulate to a continuance of the trial date.

## II.　　DISCUSSION

　　　　A scheduling order may be modified only for good cause.[1]  Additionally, when considering a motion to a continue trial, the Court considers the following factors:

---

[1] Fed. R. Civ. P. 16(b)(4).

---

the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm that [the moving party] might suffer as a result of the district court's denial of the continuance.[2]

These factors are weighed according to the dictates of the case. "No single factor is determinative and the weight given to any one may vary depending on the extent of the appellant's showing on the others."[3]

Considering these factors, the Court finds that a continuance is not warranted. Defendant claims it will be prejudiced in the settlement conference because the normal USAA representative who attends and participates in settlement conferences is unavailable on February 5, 2015, and that a substitute less familiar with the case and not experienced in conducting settlement conferences will be required to attend. This argument is unpersuasive. DUCivR 16-3 requires only that "a representative with settlement authority or otherwise authorized to make decisions regarding settlement is available in person for the full duration of the settlement conference."[4] As long as a USAA representative with settlement authority is present, USAA will not be prejudiced. Further, the settlement conference was set on January 9, 2015. Defendant could have made arrangements for its preferred representative to be present for the settlement conference.

Plaintiffs object to moving the settlement conference because they have already purchased plane tickets to fly from Colorado to Utah for the conference. Moving the conference

---

[2] *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987); *see also Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (considering the same factors in a civil matter).

[3] *West*, 828 F.2d at 1470.

[4] DUcivR 16-3

one day before it is scheduled to be held will prejudice Plaintiffs because they will suffer inconvenience and financial loss in amending travel plans.  The Court will also note that Defendant did not file its Reply in Support of its Motion to Continue until two days before the settlement conference is scheduled to be held.  Defendant knew or should have known the inconvenience to Plaintiffs and the Court in moving the settlement conference within days of when it is scheduled.

Both parties stipulate to a continuance of trial.  In its Motion to Continue, Defendant requests that trial be set sometime in March 2015 or early May 2015.  In its Reply, Defendant requests that trial be continued until at least early May 2015.  Defense counsel asks the Court for additional time to prepare for trial should settlement conference be unsuccessful.  Defense counsel further explains that he will be unavailable in April.

Plaintiffs stipulate to a continuance of trial.  Plaintiffs' counsel states that he has out-of-town meetings scheduled for February 24, 2015, through March 1, 2015.

The Court finds unpersuasive both counsels' arguments.  The parties have not adequately explained how preparation for the settlement conference impedes their ability to prepare for trial.  The current trial date was set in February 2014.  The parties have had ample time to prepare for trial and adjust their schedules accordingly.

III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Continue (Docket No. 63) is DENIED.

DATED this 4th day of February, 2015.

                                        BY THE COURT:

                                        _____
                                        TED STEWART
                                        United States District Judge