IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTY BORANDI, and TODD BORANDI,<br><br>Plaintiffs,<br><br>v.<br><br>USAA CASULATY INSURANCE COMPANY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER FOR CLARIFICATION<br><br><br>Case No. 2:13-CV-141 TS<br><br>District Judge Ted Stewart |

The Court conducted a final pretrial conference in this matter on February 9, 2015. At that hearing, counsel for Defendant raised an issue related to Plaintiffs' pretrial disclosures. Specifically, Defendant argued that Plaintiffs included in their disclosures certain witnesses that had been ordered excluded by the Magistrate Judge. At the hearing, the parties sought clarification as to Plaintiffs' ability to call these witnesses.

I.  BACKGROUND

Plaintiff provided their Initial Disclosures on March 14, 2013. In those disclosures, Plaintiffs only identified themselves, Defendant, and Officer T.A. Rice as potential fact witnesses. In a Supplement dated April 23, 2014, Plaintiff identified five additional fact witnesses: Marilyn Brown, David Brown, Jackie Olsen, Sheralyn Ermel, and Shawn Smith.

On July 8, 2014, Defendant moved to strike or exclude these witnesses. Defendant's Motion to Strike was referred to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(b)(1)(A). On October 2, 2014, the Magistrate Judge granted Defendant's Motion, finding that Plaintiffs had failed to comply with Federal Rule of Civil Procedure 26(a)(1) and that their failure was not

substantially justified or harmless under Rule 37(c).  Therefore, the Magistrate Judge disallowed the use of these witnesses at trial.  Despite this ruling, Plaintiffs identified some of these witnesses in their Rule 26(a)(3) disclosures.

## II.  DISCUSSION

Federal Rule of Civil Procedure 72(a) provides that a party must serve and file and objections to an order issued by a Magistrate Judge concerning a nondispositive pretrial matter "within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to."[1]

In this case, the Magistrate Judge issued his decision on October 2, 2014.  Plaintiffs did not file any objection within the 14-day period.  Indeed, Plaintiffs did not file any objection at all.  Plaintiffs briefly mentioned the Magistrate Judge's order in a filing on October 31, 2014.  However, this filing was outside the 14-day window, was related to another motion to strike filed by Defendant, and did not constitute the objection required for by rule and statute.  Therefore, Plaintiffs have waived any objection to the Magistrate Judge's order and they will not be permitted to call as witnesses those individuals that are the subject of that order.  Even considering the brief objection made by Plaintiffs, the Court finds that the Magistrate Judge's decision was not clearly erroneous or contrary to law.

## III.  CONCLUSION

It is therefore

ORDERED that, pursuant to the Magistrate Judge's Order dated October 2, 2014, Plaintiff is not permitted to call the five fact witnesses identified in that order.

---

[1] Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1).

DATED this 10th day of February, 2015.

                                                  BY THE COURT:

                                                  _____
                                                  Ted Stewart
                                                  United States District Judge