IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTY BORANDI, and TODD BORANDI,<br><br>Plaintiffs,<br><br>v.<br><br>USAA CASUALTY INSURANCE COMPANY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION IN LIMINE RE: RECOVERY OF ATTORNEY FEES<br><br><br>Case No. 2:13-CV-141-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion in Limine Regarding Recovery of Attorney Fees. In its Motion, Defendant seeks to exclude evidence of attorney fees and costs. For the reasons discussed below, the Court will deny Defendant's Motion.

Defendant recognizes that attorney fees are available as part of consequential damages under a breach of implied covenant of good faith and fair dealing in first-party insurance contract cases. However, Defendant argues that as a matter of law, this Court can and should determine that Plaintiffs' attorney fees and costs were a result of a deliberate and voluntary decision by Plaintiffs to commence action. Defendant further argues Plaintiffs are precluded from offering expert witness testimony who can testify that the fees and costs Plaintiffs has incurred in this case are "reasonable" or "necessary" under Federal Rule of Evidence 702.

Plaintiffs urge the Court to address the issue of attorney fees after the trial. Plaintiffs concede that if the jury determines there is no breach of implied covenant, the issue of fees and costs is moot. If, however, the jury determines that there was a breach, Plaintiffs state they will file a motion for the fees and expenses pursuant to Federal Rule of Civil Procedure 54(d)(2).

1

Rule 54(d)(2)(A) states that, "a claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." The Utah Supreme Court has historically limited the recovery of attorney fees as an element of consequential damages to breaches of the covenant of good faith and fair dealing.[1] Thus, the issue of fees and costs is a factual inquiry in this unique first-party insurance contract context and must be proved at trial as part of the Plaintiffs' case-in-chief and not left to the Court to decide post-trial. Therefore, without an agreement from the parties to the contrary, the issue of fees will be decided by the jury.

Defendant also argues that Plaintiffs have failed to disclose an expert to testify concerning fees. However, Defendant points to nothing that would require expert testimony to support a claim for attorney fees. That being said, the Court will not permit use of information, witnesses, or evidence not already disclosed under Rule 26(a) at trial unless the failure to disclose was "substantially justified or is harmless."[2]

It is therefore

ORDERED that Plaintiff's Motion in Limine (Docket No. 82) is DENIED.

DATED this 18th day of February, 2015.

BY THE COURT:

Ted Stewart
United States District Judge

---

[1] *See Saleh v. Farmers Ins. Exchange*, 133 P.3d 428, 436 at n.4 (Utah 2006).
[2] Fed. R. Civ. P. 37.