IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHRISTY BORANDI, and TODD BORANDI,<br><br>             Plaintiffs,<br>v.<br><br>USAA CASUALTY INSURANCE COMPANY,<br>             Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTIONS IN LIMINE RE: EVIDENCE OF EXTRA-CONTRACTUAL DAMAGES<br><br><br>Case No. 2:13-CV-141 TS |

This matter is before the Court on Defendant's Motion in Limine Regarding Evidence of Extra-Contractual Damages. In its Motion, Defendant seeks to exclude evidence of extra-contractual damages, and in particular, evidence with respect to emotional distress claims. For the reasons discussed below, the Court will deny Defendant's Motion.

Defendant argues that in *Beck v. Farmers Insurance Exchange*, the Utah Supreme Court set limits on extra-contractual damages for claims of emotional distress and that those damages are only available in "unusual cases." Defendant also asserts that *Beck* requires emotional distress damages be contemplated at the time the contract was entered into.

Defendant further argues that under Federal Rule of Evidence 702, expert medical testimony is required for causation of emotional distress and, therefore, such evidence should be excluded because Plaintiff has not disclosed an expert for this purpose under Federal Rule of Civil Procedure 26(a)(2).

1

In *Beck*, the Utah Supreme Court stated that, "in an action for breach of a duty to bargain in good faith, a broad range of recoverable damages is conceivable particularly given the unique nature and purpose of an insurance contract."[1] The court held "that in unusual cases, damages for mental anguish might be possible."[2] While available, "[such] damages will not be available for the mere disappointment, frustration, or anxiety normally experienced in the process of filing an insurance claim and negotiating a settlement with an insurer."[3] "Compensation for emotional distress and mental suffering may be available where emotional distress and mental suffering naturally flow from a breach of the terms of the contract . . . and were within the contemplation of the contracting parties."[4]

Defendant argues that this is not an unusual case and that Plaintiff cannot show that emotional distress damages were not contemplated by the contract. These issues are better left for the jury.

Defendant also argues that expert testimony is required to show causation for emotional distress. However, Defendant points to nothing that would require expert testimony to support a claim for emotional distress. That being said, the Court will not permit use of information, witnesses, or evidence not already disclosed under Rule 26 at trial unless the failure to disclose was "substantially justified or is harmless."[5]

---

[1] *Beck v. Farmers Insurance Exchange*, 701 P2d 795, 802 (Utah 1985).

[2] *Id*.

[3] *Id*. at 802 n.6.

[4] *Cabaness v. Thomas*, 232 P.3d 486, 507 (Utah 2010).

[5] Fed. R. Civ. P. 37.

It is therefore

ORDERED that Defendant's Motion in Limine (Docket No. 81) is DENIED.

DATED this 18th day of February, 2015.

BY THE COURT:

_____
TED STEWART
United States District Judge