IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTY BORANDI, and TODD BORANDI,<br><br>Plaintiffs,<br><br>v.<br><br>USAA CASUALTY INSURANCE COMPANY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION IN LIMINE RE: COLLATERAL SOURCE FOR PAYMENTS OR REDUCTIONS IN MEDICAL BILLS<br><br><br>Case No. 2:13-CV-141 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion in Limine Regarding Collateral Source for Payments or Reductions in Medical Bills. Plaintiffs seek to exclude evidence of payment or reduction in medical bills incurred by Christy Borandi under the "collateral source rule" and Federal Rule of Evidence 403.

The collateral source rule "allows a plaintiff to seek full recovery from a tortfeasor even though an independent source has compensated the plaintiff in full or in part of the loss."[1] The rule provides that a "wrongdoer is not entitled to have damages, for which he is liable, reduced by proof that the plaintiff has received or will receive compensation or indemnity for the loss from an independent collateral source."[2]

The collateral source rule is inapplicable in this case. Here, Plaintiffs' claims sound in contract, not tort. "An overwhelming majority of jurisdictions have held that the collateral

---

[1] *Green v. Denver & Rio Grande W. R. R. Co.*, 59 F.3d 1029, 1032 (10th Cir. 1995).

[2] *Gibbs M. Smith, Inc. v. U.S. Fid. & Guar. Co.*, 949 P.2d 337, 345 (Utah 1997).

1

source rule does not apply to breach of contract actions."[3] Though the Utah Supreme Court has not affirmatively held that the collateral source rule would not apply in first-party insurance contract cases, the court has found the collateral source rule inapplicable where, as here, the party who stands to benefit from collateral sources is the insurer, not the wrongdoer.[4]

Evidence may be excluded under Rule 403 if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Evidence of payment or reduction in medical bills incurred by Christy Borandi is relevant and probative as to whether the underinsured motorist coverage would be triggered under USAA's policy. The policy provides benefits in varying amounts for bodily injury damages that Plaintiff would be legally entitled to recover but was unable to do so because of the liability limits under the other driver's policy. Information into whether Ms. Borandi's medical bills have been paid, and if so, paid by whom, and in what amounts, figure into whether the underinsured motorist coverage would be triggered at all, which is a question at the center of Plaintiffs' claims.

Plaintiffs argue introducing information about Ms. Borandi's medical bills will mislead and confuse the jury on issues of damages. However, the danger of doing so is not substantially outweighed by its probative value.

---

[3] *Nisenzon v. Morgan Stanley DW, Inc.*, 546 F. Supp. 2d 213, 234-35 (E.D. Pa. 2008).
[4] *See Gibbs*, 949 P.2d at 345.

It is therefore

ORDERED that Plaintiffs' Motion in Limine (Docket No. 88) is DENIED.

DATED this 19th day of February, 2015.

        BY THE COURT:

        _____
        Ted Stewart
        United States District Judge