IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTY BORANDI, and TODD BORANDI,<br><br>Plaintiffs,<br><br>v.<br><br>USAA CASUALTY INSURANCE COMPANY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION IN LIMINE RE: VEHICLE IMPACT<br><br><br>Case No. 2:13-CV-141 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion in Limine Regarding Vehicle Impact.

In their Motion, Plaintiffs request the Court instruct the Defendant, its attorneys and witnesses, not to directly or indirectly mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner concerning the impact of the vehicles involved in the collision on August 15, 2007, and whether Mr. Shawn Smith was injured in the collision.

The Court has already ruled on Plaintiffs' Motion in Limine Regarding Tortfeasor Injury and will not allow testimony regarding Mr. Smith's injuries. However, evidence regarding the impact of the vehicles may bear on the extent of Ms. Borandi's injuries, and therefore, may be probative as to whether Defendant breached its contract and failed to diligently investigate the facts in evaluating Plaintiffs' policy claims.

Plaintiff also argues evidence of vehicle impact should be excluded because Defendant has not disclosed or listed any physical damage experts who will testify at trial as to whether the collision could have caused bodily injuries to Ms. Borandi. However, physical damage experts

1

are not required to testify as to the condition of the vehicles following the collision.  That being said, the Court will not permit the use of information, witnesses, or evidence not already disclosed under Rule 26(a) at trial unless the failure to disclose was "substantially justified or is harmless."[1]

Plaintiffs further argue that statements about the collision, other than from Mrs. Borandi, will be hearsay and must be excluded.  At this point, it is unclear what evidence Defendant intends to introduce on this point.  Therefore, the Court cannot conclude that such evidence would be inadmissible hearsay.  However, the Court would note that a responding officer's firsthand observations in a police report would be admissible under Federal Rule of evidence 803(8).  Thus, relevant portions of the police report may be admitted, but perhaps not the entire report.

It is therefore

ORDERED that Plaintiffs' Motion in Limine Regarding Vehicle Impact (Docket No. 90) is DENIED.

DATED this 19th day of February, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[1] Fed. R. Civ. P. 37(c).