IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTY BORANDI, and TODD BORANDI,<br><br>Plaintiffs,<br><br>v.<br><br>USAA CASUALTY INSURANCE COMPANY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION REGARDING SUBJECT MATTER JURISDICTION, GRANTING DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT, AND GRANTING DEFENDANT'S MOTION FOR ATTORNEY FEES<br><br><br>Case No. 2:13-CV-141 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion Regarding Subject Matter Jurisdiction and Request for Expedited Decision (Docket No. 124), Defendant's Motion for Entry of Judgment (Docket No. 125), and Defendant's Motion for Attorney Fees (Docket No. 129).

In their Motion, Plaintiffs request the Court remand this case back to State Court based on lack of subject matter jurisdiction. In its Motion, Defendant requests this Court enter judgment according to the terms of the settlement agreement and dismiss this case with prejudice. Defendant also requests attorney fees incurred responding to Plaintiffs' Motion. For the reasons discussed below, the Court will deny Plaintiffs' Motion Regarding Subject Matter Jurisdiction and Request for Expedited Decision, grant Defendant's Motion for Entry of Judgment, grant Defendant's Motion for Attorney Fees, and award additional fees for resources spent in filing its Motion for Entry of Judgment.

1

I.     BACKGROUND

This case involves recovery of underinsured motorist insurance.  Plaintiffs Christy Borandi and Todd Borandi are residents of Colorado.[1]  Defendant USAA Casualty Insurance Company ("USAA CIC") is a corporation duly organized and existing under the laws of the State of Texas, with its principal place of business in the State of Texas.[2]

In their Complaint, originally filed in state court on January 18, 2013, Plaintiffs incorrectly identified Defendant as an insurance company "organized and existing under the laws of the State of Utah."[3]  Defendant filed a Notice of Removal with this Court on February 22, 2013 correcting Plaintiffs' misunderstanding and explained that the "Defendant is in fact a foreign insurance entity and although authorized to do business in Utah, is organized under the laws of the state of Texas with its corporate headquarters in San Antonio, Texas."[4]

This Court's subject matter jurisdiction has not been challenged throughout two years of litigation.  Following a ruling granting in part and denying in part summary judgment allowing two claims to survive, a jury trial was set for February 23, 2015.  On February 20, 2015, the Court received a Notice of Settlement and accordingly vacated the scheduled trial.  Two days later, and one day before the originally scheduled trial, Plaintiffs filed a Motion Regarding Subject Matter Jurisdiction and Request for Expedited Decision.  Defendant alternatively filed a Motion for Entry of Judgment seeking to enforce settlement and dismiss this case with prejudice, and a Motion for Attorney Fees.

---

[1] Docket No. 2 Ex. 1.
[2] Docket No. 126 Ex. 3.
[3] Docket No. 2 Ex. 1.
[4] Docket No. 2, at 3.

II. DISCUSSION

A. SUBJECT MATTER JURISDICTION

"The Federal Rules of Civil Procedures direct that whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."[5] "Lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation."[6] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded [to the State court]."[7] As the party invoking the federal court's jurisdiction, Defendant bears the burden of establishing that the requirements for the exercise of diversity jurisdiction are present.[8]

In her Motion, Plaintiffs argue this Court lacks subject matter jurisdiction because the Defendant has not demonstrated by a preponderance of evidence complete diversity between the parties and that the amount in controversy exceeds $75,000. However, the Court finds that the Defendant has met its burden in establishing subject matter jurisdiction.

Plaintiffs are citizens of Colorado.[9] Defendant is a citizen of Texas.[10] Therefore, complete diversity exists between parties. Plaintiffs' reliance on cases related to USAA, as opposed to USAA CIC, are inapposite. Further, "[i]t is well established that the amount in

---

[5] *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).

[6] *Id.*

[7] 28 U.S.C. §1447 (c).

[8] *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

[9] Docket No. 2 Ex. 1.

[10] Docket No. 126 Ex. 3.

controversy is measured by the value of the object of the litigation."[11] This value "is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation."[12] Here, Plaintiffs sought the UIM policy limits of $100,000 from the outset of litigation.[13] Thus, this Court has subject matter jurisdiction over this case.

B. ENFORCEMENT OF SETTLEMENT

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while litigation is pending before it."[14] In so doing, "[i]ssues involving the formation, construction and enforceability of a settlement agreement are resolved by applying state contract law."[15] "Under Utah law, courts will enforce settlement agreements 'if the record establishes a binding agreement and the excuse for nonperformance is comparatively unsubstantial.'"[16]

In this case, parties submitted a Notice of Settlement informing the Court that settlement was reached "at or about 11:00 a.m. on Friday, February 20, 2015." The settlement agreement was memorialized in writing[17] and Plaintiffs have not provided an excuse for nonperformance.

---

[11] *Freeland v. Liberty Mut. Fire Ins. Co.,* 632 F.3d 250, 253 (6th Cir. 2011).

[12] *Id.* (quoting *Beacon Constr. Co. v. Matco Elec. Co.*, 521 F.2d 392, 399 (2d Cir. 1975)).

[13] Docket 126 Ex. 1; *Id.* Ex. 4.

[14] *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993).

[15] *United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000).

[16] *Nature's Sunshine Prods. v. Sunrider Corp.*, No. 11-4214, 2013 WL 563309, at *3 (10th Cir. Feb. 15, 2013) (quoting *Zion's First Nat'l Bank v. Barbara Jensen Interiors, Inc.*, 781 P.2d 478, 479 (Utah Ct. App. 1989)).

[17] Docket No. 126 Ex. 5.

Therefore, the Court will enforce settlement in accordance with the terms of that agreement and dismiss this case with prejudice.

C.  ATTORNEY FEES

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatious may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  The conduct of Plaintiffs' counsel in this matter warrants such sanctions.

While subject matter jurisdiction may be challenged at any stage of the proceedings, Plaintiffs' counsel unreasonably chose to do so by filing a frivolous motion after settlement had been reached.  Moreover, throughout the course of litigation, Plaintiffs' counsel violated several of the Court's pretrial orders and missed deadlines, including failure to comply with the Court's Order to respond to Defendant's Motion for Entry of Judgment and reply to Plaintiffs' own Motion Regarding Subject Matter Jurisdiction and Request for Expedited Decision.  The Court's resources have been wasted and Defendant's counsel have had to incur unreasonable costs and expenses as a result of Plaintiffs' counsel's conduct.  Therefore, the Court will grant Defendant's Motion for Attorney Fees and additionally award fees and costs associated with the filing of the Motion for Entry of Judgment.

III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion to Expedite Plaintiffs' Motion Regarding Subject Matter Jurisdiction and Request for Expedited Decision (Docket No. 124) is DENIED.  It is further

ORDERED that Defendant's Motion for Entry of Judgment (Docket No. 125) is GRANTED. It is further

ORDERED that Defendant's Motion for Attorney Fees (Docket No. 130) is GRANTED with additional fees and costs awarded for resources expended in filing Defendant's Motion for Entry of Judgment.

Defendant is directed to prepare and submit a form of judgment for the Court's signature by March 11, 2015.

Dated this 5th day of March, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge